UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MATTHEW BAIRD et. al., <br><br> Plaintiff, <br><br> v. <br><br> STEEL DYNAMICS, INC. et. al., <br><br> Defendant. | CAUSE NO. 1:23-CV-00356-CCB-SLC |

OPINION AND ORDER

Plaintiffs Matthew Baird, Michael Sanderson, and Brandon Thompson ("Plaintiffs") filed this putative class action against Steel Dynamics, Inc. ("SDI"), its Board of Directors, the members of the Board, the Investment Committee, and the members of the Investment Committee (collectively "Defendants"), pursuant to Sections 409 and 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2) for breach of fiduciary duty and failure to monitor. Plaintiffs were employees of SDI who participated in the SDI Profit Sharing and Retirement Savings Plan ("the Plan") offered by the company. The Plan is a defined-contribution plan with employer matching contributions. As a defined-contribution plan, the Plan allows participants to create individual accounts and provides a menu of funds where participants can direct their contributions along with half of the employer matching contributions. Plaintiffs allege that a series of target date funds and an international growth fund offered in the Plan (the "Challenged Funds") underperformed and that this underperformance reveals Defendants' deficient fiduciary process in violation of their duty of care under ERISA. As Plan participants, Plaintiffs further allege that they suffered injury to their individual accounts based on their own contributions or the Plan-wide effect of SDI's contributions to the Challenged Funds.

Defendants subsequently filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [DE 17]. Defendants contend that Plaintiffs' complaint should be dismissed because they do not have standing to bring their suit, they failed to exhaust their administrative remedies before suing, and they failed to state claims for breach of fiduciary duty and failure to monitor.

## Subject Matter Jurisdiction

Dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is proper when plaintiffs fail to satisfy Fed. R. Civ. P. 8(a)(1), which requires that complaints contain "a short and plain statement of grounds for the court's jurisdiction." In considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Plaintiffs assert, and Defendants challenge under Rule 12(b)(1), Article III standing to pursue their claims under ERISA. Article III standing is a threshold requirement for federal courts to hear any claim. Without this, the matter before the court cannot constitute a "case or controversy" as necessitated by Article III. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Standing requires an injury-in-fact. *Id.* at 560–61. An injury-in-fact must be a concrete harm, which means it must actually exist, even if it is intangible. *Thole v. U.S. Bank N.A.,* 590 U.S. 538, 544 (2021); *Spokeo, Inc. v. Robins,* 578 U.S. 330, 340 (2016). A plaintiff seeking to vindicate a statutory right does not automatically satisfy the injury-in-fact requirement for standing. *Spokeo*, 578 U.S. at 341. Nevertheless, plaintiffs in a breach of fiduciary duty suit pursuant to ERISA plead standing

2

sufficiently so long as at least one plaintiff is invested in some challenged fund. *See, e.g.*, *Albert v. Oshkosh Corp.,* 47 F.4th 570, 578 (7th Cir. 2022).

Plan participants also have standing in ERISA cases seeking plan-wide relief under 29 U.S.C. § 1132, which authorizes them to "bring action to remedy a breach of fiduciary duty in a representative capacity, on behalf of the plan itself." *Smith v. Aon Corp.*, 238 F.R.D. 609, 613, 615–16 (N.D. Ill. 2006); *cf. Clark v. Duke Univ.*, 1:16-CV-1044, 2018 WL 1801946, at * (M.D.N.C. Apr. 13, 2018) ("courts have recognized that a plaintiff who is injured in his or her own plan assets—and thus has Article III standing—may proceed under § 1132(a)(2) on behalf of the plan or other participants even if the relief sought 'sweeps beyond his own injury'." (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009))). Furthermore, not every plaintiff in a multi-plaintiff suit must have standing for the purposes of subject matter jurisdiction so long as one plaintiff does. *Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds,* 571 F.3d 672, 676–77 (7th Cir. 2009).

In this case, Plaintiffs Baird and Sanderson each directed personal contributions to one of the challenged target date funds[1] even though Plaintiff Thompson's investments in the target date funds are only implied and the complaint does not allege that any Plaintiff invested in the challenged international growth fund. Yet the complaint alleges that each Plaintiff "suffered injury to his Plan account from the underperformance of [the Challenged Funds]." [DE 1 at 6–7]. With allegations of at least one Plaintiff being personally invested in a Challenged Fund and all Plaintiffs pursuing Plan-wide relief, the complaint sufficiently alleges standing for their claims to proceed in this Court.

Failure to State a Claim

Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted is proper when plaintiffs fail to satisfy Fed. R. Civ. P. 8(a)(2), which requires that complaints

---

[1] Baird invested in the PIMCO RealPath Blend 2060 Collective Trust Fund while Sanderson invested in the PIMCO RealPath Blend 2050 Collective Trust Fund. [DE 1 at 6–7].

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court must accept all the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of … plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). Finally, "[i]t is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

Documents provided by the defendant in their motion to dismiss to establish a complaint's insufficiency are generally not considered when ruling on the motion; however, they can be considered if "they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Co.,* 29 F.3d 1244, 1248 (7th Cir. 1994) (citing *Venture Assocs. v. Zenith Data Sys.,* 987 F.2d 429, 431 (7th Cir. 1993)). While Plaintiffs did not attach the SDI Plan Agreement to their complaint, they did cite the Plan in their complaint and based their claims on the Plan, especially Section 9.2 Claims Procedure and Section 14.20 Class Action Limitation. And Defendants attached relevant excerpts from the Plan document to their motion to dismiss without any objection from Plaintiffs. [DE 19-3]. Therefore, the Plan document provided by Defendants can be considered in addressing the pending motion to dismiss.

In their motion, Defendants argue that Plaintiffs' claims are barred for failure to exhaust the administrative remedies available through Section 9.2 of the Plan before bringing suit. "Exhaustion of administrative remedies is properly raised . . . as an affirmative defense." *Adamczyk v. Lever Bros. Co.,* 991 F.Supp. 931, 934 (N.D. Ill. 1997). "An affirmative defense will only support a motion to dismiss under Rule 12(b)(6) when a plaintiff's allegations clearly point to the existence of the

4

defense." *Id.*; *see also Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012); *Cancer Found. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674-675 (7th Cir. 2009). The issue of exhaustion appears plainly in Plaintiffs' complaint. Plaintiffs allege that pursuing their claims through the Plan's Claims Procedure in Section 9.2 would be futile, as "neither the Plan document nor the Summary Plan Description[2] . . . include any provision to allow a Plan participant to advance [a breach of fiduciary duty] claim through the administrative process." [DE 1 at 5]. Therefore, the exhaustion was properly raised in Defendants' instant motion to dismiss.

In the Seventh Circuit, exhaustion is not required for breach of fiduciary duty claims under ERISA but is favored. *Lindemann v. Mobil Oil Corp.,* 79 F.3d 647, 650 (7th Cir. 1996). Nevertheless, requiring exhaustion is within the discretion of the trial court, and will only be reviewed for abuse of discretion. *Id.* Failure to exhaust may be excused if exhaustion would be futile. *See id.* To establish futility, a party "must show that it is certain that [his] claim will be denied [through the review process], not merely that he doubts that [the review process] will result in a different decision." *Id.* (citing *Smith v. Blue Cross & Blue Shield United of Wis.,* 959 F.2d 655, 659 (7th Cir. 1992)). Failure to exhaust is generally not excused under futility when plaintiffs do not proffer any facts that suggest certainty that their claim will be denied through the available administrative process. *See Jin Zhou v. Guardian Life Ins. Co. of Am.,* 295 F.3d 677, 680 (7th Cir. 2002). Failure to exhaust is also not excused on futility grounds when the defendant has the power to hear one's claim and provide a remedy for it. *Powell v. AT&T Commc'ns, Inc.*, 938 F.2d 823, 826 (7th Cir. 1991).

In this case, it is not apparent that SDI had the power to hear Plaintiffs' breach of fiduciary duty claims under the Plan. Section 9.2 of the Plan outlines the administrative review process available to Plan participants or beneficiaries. [DE 19-3 at 17–19]. The introductory language to

---

[2] Plaintiffs cite the Summary Plan Description ("SPD") five times in their Complaint. [DE 1 at 5, 9, 10, 15]. According to the complaint, the SPD is incorporated on page 9 of the Plan. [*Id.* at 9]. The excerpts of the Plan provided by Defendants did not include page 9 or the SPD. Therefore, the Court has not reviewed the SPD.

5

Section 9.2 expressly indicates that the administrative review process is about "claims for benefits" without a clear definition of, or reference to a definition for, the term "benefits." [*Id.* at 17]. Furthermore, language in the latter half of Section 9.2 repeatedly references legal action regarding the recovery of benefits without any mention of legal action regarding plan-wide relief. [*Id.* at 18–19]. According to Plaintiffs, this language limits the claims review process to "claims for benefits," which does not include breach of fiduciary duty claims or claims for Plan-wide relief. As such, Plaintiffs argue that their claims could not be raised via the Section 9.2 claims review process.

Yet Section 9.2 also states that "no legal action to recover Plan benefits or to enforce or clarify rights under the Plan or under any provision of the law, whether or not statutory, may be commenced before a claimant has exhausted the claims and claims review procedure described herein." [*Id.* at 18]. From that language, Defendants argue that the claims review process of Section 9.2 must be exhausted before a Plan participant can take legal action to enforce any statutory right. Based on this interpretation of the language of Section 9.2, Defendants reject Plaintiffs' futility argument.

The parties' contradictory interpretations of Section 9.2 are both plausible but cannot both be true. Thus, Plaintiffs have stated a plausible claim that their breach of fiduciary duty and failure to monitor claims would be denied, and therefore futile, if submitted to the Plan's Claims Procedure. *See Jin Zhou,* 295 F.3d at 680; *Powell,* 938 F.2d at 826. Plaintiffs' claims cannot be dismissed for failure to exhaust their administrative remedies. *See Twombly*, 550 U.S. at 555 (2007).

Finally, Defendants contend that Plaintiffs have failed to state a claim for breach of fiduciary duty. To state a claim for breach of fiduciary duty under ERISA, Plaintiffs must plead "(1) that the defendant is a plan fiduciary; (2) that the defendant breached its fiduciary duty; and (3) that the breach resulted in harm to the plaintiff." *Allen v. GreatBanc Trust Co.,* 835 F.3d 670, 678 (7th Cir. 2016) (citing *Kenseth v. Dean Health Plan, Inc.,* 610 F.3d 452, 464 (7th Cir. 2010)). Defendants posit

6

that Plaintiffs have failed to show a breach of fiduciary duty. "To plead a breach of the duty of prudence under ERISA, a plaintiff must plausibly allege fiduciary decisions outside a range of reasonableness." *Hughes v. Northwestern Univ.,* 63 F.4th 615. 630 (7th Cir. 2023) (citing *Hughes v. Northwestern Univ.,* 595 U.S. 170, 177 (2022)).

Plaintiffs purport to adequately plead that the Investment Committee breached its fiduciary duty by demonstrating the Challenged Funds' underperformance relative to a meaningful-benchmark index. A plaintiff may do so, but a claim is stated only when the underperformance is "persistent" and "material." *See Abel v. CMFG Life Ins. Co.,* 22-cv-449-wmc, 2024 WL 307489, at *5 (W.D. Wis. Jan. 26, 2024) (citing *Dorman v. Charles Schwab Co.*, Case No. 17-cv-00285-CW, 2019 WL 580785, at *6 (N.D. Cal. Feb. 8, 2019); *Gonzalez v. Northwell Health, Inc.,* 632 F. Supp. 3d 148, 163 (E.D.N.Y. 2022)). Persistent and material underperformance are necessary because breach of fiduciary claims strike at the fiduciary process, and thus "the ultimate outcome of an investment [alone] is not proof of imprudence," as there can be cogent reasons for which plans may retain funds through periods of underperformance. *DeBruyne v. Equitable Life Assurance Soc'y of the U.S.,* 920 F.2d 457, 465 (7th Cir. 1990) (citing *Marshall v. Glass/Metal Ass'n & Glaziers & Glassworkers Pension Plan,* 507 F.Supp. 378, 384 (D. Haw. 1980)); *see also Jenkins v. Yager,* 444 F.3d 916, 926 (7th Cir. 2006). Courts typically do not find material underperformance when such underperformance is small. *See Abel,* 2024 WL 307489, at *5 (collecting cases where underperformance was found immaterial due to differences in annual rates of return of 5% or less).

Plaintiffs allege that the Challenged Funds within the Plan were performing below median relative to other funds in their Morningstar Category over periods of 6 to 10 years. [DE 1 at 23–30]. Furthermore, Plaintiffs single out certain funds[3] (the "Comparators") within the same Morningstar

---

[3] Plaintiffs identified T.Rowe Price Retirement 2040, Mutual of America 2040, and the American Funds 2040 Target Retirement R6 funds as comparators for the Plan's target date series, PIMCO RealPath Blend Collective Trust Series. [DE 1 at 25]. Plaintiffs identified Clear Bridge International Growth I fund and William Blair International Ldrs R6

7

Categories as the Challenged Funds to graphically display a trend of the Comparators overperforming the Challenged Funds. [*Id.* at 26, 28–30]. Using the same data, however, Defendants show that the Challenged Funds often had rates of return within 5% of the Comparators and sometimes overperformed the Comparators. [DE 18 at 20–23]. Moreover, the Investment Committee does not have a duty to swap out funds based on rankings within a Morningstar Category. *Cf. Patterson v. Stanley,* No. 16-cv-6568 (RJS), 2019 WL 4934834, at *11 (S.D.N.Y. Oct. 7, 2019) ("that the [challenged fund] fell below other investment products in the Morningstar rankings . . . does not lead to the conclusion that the [challenged fund] was an imprudent investment.").

Additionally, Plaintiffs allege that "there's no justifiable reason" for some of the Challenged Funds' inclusion in the Plan but make no factual allegations eliminating alternative justifications for the Challenged Funds' inclusion. [DE 1 at 27]. Thus, Plaintiffs allege facts that are "merely consistent" with a breach of fiduciary duty, for there could be cogent reasons why Steel Dynamics might have selected the Challenged Funds for inclusion in the Plan. *See Twombly*, 550 U.S. at 557; *Jenkins,* 444 F.3d at 926. Without more, Plaintiffs have not adequately pleaded persistent and material underperformance necessary for a breach of fiduciary duty claim. *See Abel,* 2024 WL 307489, at *5. Without a showing of material underperformance, all Plaintiffs show is that certain investments, in hindsight, performed better than the Challenged Funds, which does not speak to fiduciary process. *See DeBruyne,* 920 F.2d at 457. By failing to allege a deficient fiduciary process, the Complaint, as written, fails to state a plausible claim for breach of fiduciary duty. *See Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

---

fund as comparators for the Plan's challenged international growth fund, American Funds Europacific Growth Fund. [DE 1 at 28].

Failure to monitor claims under ERISA are entirely derivative of breach of fiduciary duty claims. *Albert v. Oshkosh Corp.,* 47 F.4th 570, 583 (7th Cir. 2022) (citing *Rogers v. Baxter Int'l Inc.,* 710 F.Supp. 2d 722, 740 (N.D. Ill. 2010)). Plaintiffs' failure to state a claim for breach of fiduciary duty renders their failure to monitor claim moot.

Having found that Plaintiffs have not stated a claim for breach of fiduciary duty or failure to monitor, Defendants' arguments regarding the class action waiver provision at Section 14.20 of the Plan need not be addressed.

## Conclusion

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**. [DE 17]. Defendants' motion for oral argument is **DENIED**. [DE 28]. Plaintiffs may file an amended complaint that complies with the federal rules, if filed no later than **September 20, 2024**. *See Abu-Shawish v. United States,* 898 F.3d 726, 738 (7th Cir. 2018).

SO ORDERED.

August 29, 2024

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT